# Skadden, Arps, Slate, Meagher & Flom llp

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212.735.2628
DIRECT FAX
917.777.2628
EMAIL ADDRESS
LARA.FLATH@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

March 3, 2025

**BY ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**BY ECF AND EMAIL**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

**Re:** *Underwood v. Coinbase Global, Inc.*, No. 1:21-cv-08353-PAE;
*Aceves et al. v. Coinbase Global, Inc., et al.*, No. 1:25-cv-01486-JPC

Dear Judges Engelmayer and Cronan:

We represent Defendants Coinbase Global, Inc., Coinbase, Inc., and Brian Armstrong in the above-referenced putative class actions. Pursuant to Local Civil Rule 1.6 and Rule 13(b) of the Rules for the Division of Business for the Southern District of New York (the "Rules for the Division of Business"), Defendants respectfully request that these actions be designated as related. Recognizing that, on February 24, 2025, Judge Engelmayer declined relatedness, Defendants respectfully submit that this letter may provide additional context as to why they sought transfer of *Aceves* under the first-to-file rule. While Defendants believe the most efficient path would be for the cases to be designated as related, we are confident that, regardless of to whom *Aceves* is assigned, the parties can ultimately propose a course of action that efficiently addresses the overlapping issues between *Aceves* and *Underwood* described further below.

Civil actions may be deemed "related" when "the actions concern the same or substantially similar parties, property, transactions, or events," "there is substantial factual overlap," "the parties could be subject to conflicting orders," and absent relatedness "there would be a substantial duplication of effort and expense." Rule 13(a) of the Rules for the Division of Business. Here,

Hon. Paul A. Engelmayer
Hon. John P. Cronan
March 3, 2025
Page 2

both actions assert overlapping claims against the same defendants based on the same alleged conduct involving over 40 of the same digital assets. Accordingly, there is significant legal and factual overlap between the two actions, and as a result, there would be a substantial duplication of effort and an acute risk of inconsistent judgments in the absence of relatedness.

*Underwood***.**  *Underwood* asserts claims against Defendants Coinbase Global, Inc., Coinbase, Inc. and Armstrong under Section 12(a)(1) the Securities Act of 1933, as well as California Corporate Securities Law §§ 25110, 25130, 25210, 25503, and 25504 and the Florida Securities and Investor Protection Act §§ 517.07 and 517.211. These claims stem from the core allegation that 79 digital assets available for trading on the Coinbase, Inc. platform constitute unregistered "securities." The *Underwood* plaintiffs seek to represent a nationwide class consisting of all persons and entities that transacted between October 8, 2019 and March 11, 2022, as well as California and Florida subclasses.[1]

*Aceves***.**  On May 3, 2024—years after *Underwood* was commenced—another group of plaintiffs commenced a putative class action against the same defendants: Coinbase Global, Inc., Coinbase, Inc., and Brian Armstrong.[2] As in *Underwood*, the *Aceves* plaintiffs assert claims under California Corporate Securities Law §§ 25110, 25210, and 25503, and the Florida Securities and Investor Protection Act § 517.07 (along with other claims under California and Florida law). They purport to bring these claims on behalf of a nationwide class that transacted on the Coinbase, Inc. platform between January 1, 2017 and May 3, 2024. Like *Underwood*, the core of the *Aceves* plaintiffs' theory of liability is that approximately 80 digital assets traded on the platform constitute unregistered securities—46 of those tokens are also at issue in *Underwood*.

The below chart illustrates the overlapping parties, claims, tokens and class periods at issue in both actions:

|  | *Underwood* | *Aceves* |
|---|---|---|
| Defendants | Coinbase Global, Inc., Coinbase, Inc., Brian Armstrong | Coinbase Global, Inc., Coinbase, Inc., Brian Armstrong |
| Overlapping State Law Claims | California Corporate Securities Law §§ 25110, 25210, and 25503<br><br>Florida Securities and Investor Protection Act § 517.07 | California Corporate Securities Law §§ 25110, 25210, and 25503<br><br>Florida Securities and Investor Protection Act § 517.07 |
| Overlapping Tokens | 1INCH, AAVE, ACH, ADA, ALGO, AMP, ANKR, AUCTION, | 1INCH, AAVE, ACH, ADA, ALGO, AMP, ANKR, AUCTION, |

---

[1] *Underwood* originally asserted claims under the Securities Exchange Act of 1934, which were dismissed on February 1, 2023. The Second Circuit affirmed the dismissal of those claims on April 5, 2024.

[2] *Aceves* was consolidated with a nearly identical complaint, *Carter v. Coinbase Global, Inc., et al.*, No. 3:24-cv-03350-MMC (N.D. Cal. 2024), and plaintiffs filed a consolidated complaint on September 16, 2024.

Hon. Paul A. Engelmayer
Hon. John P. Cronan
March 3, 2025
Page 3

|  |  |  |
|---|---|---|
|  | BAL, BAT, BOND, CGLD, CLV, COMP, CRO, CTSI, DOGE, DOT, ENJ, EOS, FET, FORTH, GRT, KEEP, LINK, LRC, MANA, MATIC, MLN, NKN, NMR, NU, OGN, OMG, RARI, SHIB, SKL, SOL, SUSHI, UMA, UNI, XLM, XRP, XTZ, YFI, and ZRX | BAL, BAT, BOND, CGLD, CLV, COMP, CRO, CTSI, DOGE, DOT, ENJ, EOS, FET, FORTH, GRT, KEEP, LINK, LRC, MANA, MATIC, MLN, NKN, NMR, NU, OGN, OMG, RARI, SHIB, SKL, SOL, SUSHI, UMA, UNI, XLM, XRP, XTZ, YFI, and ZRX |
| Class Periods | All persons and entities that transacted on Coinbase platform between October 8, 2019 and March 11, 2022 | All persons and entities that transacted on Coinbase platform between January 1, 2017 and May 3, 2024 |

In light of this overlap, Defendants moved to transfer *Aceves* to this District under the first-to-file rule, or, alternatively, to stay *Aceves* in favor of *Underwood*. On February 10, 2025, Judge Chesney granted the motion to transfer, reasoning that *Aceves* substantially overlaps with *Underwood* because they concern the same defendants, involve an overlapping and substantially similar putative plaintiff class, and "share a 'central question' and 'common factual' underpinnings"—namely, whether Defendants can be held liable as sellers of many of the same digital tokens and whether those tokens constitute unregistered securities. (*See* Exhibit A, *Aceves* Dkt. 37 at 10.) As Judge Chesney explained, "all of the California securities law claims that are brought in the instant action are also brought in the *Underwood* Action, and all but one of the Florida securities law claims that are brought in the instant action are also brought in the *Underwood* Action." (*Id.* at 9-10.) The court further emphasized that "close to sixty percent of the class members' purchases overlap." (*Id.*) Thus, Judge Chesney reasoned that transfer to the court in which *Underwood* was pending would "best serve the interests of efficiency, judicial economy and the avoidance of conflicting judgments." (*Id.* at 12.)

Accordingly, Defendants respectfully request that *Aceves* be designated as related to *Underwood*, as the action with the lower docket number. Nonetheless, Defendants are confident that, regardless of to whom *Aceves* is assigned, the parties can propose an efficient way to coordinate with respect to the overlapping issues between the two actions. We have informed Plaintiffs' counsel in both actions of this request. Plaintiffs' counsel in *Aceves* opposes.

Respectfully submitted,

/s/ *Lara A. Flath*
Lara A. Flath

*Counsel for Defendants*
*Coinbase Global, Inc., Coinbase, Inc.*
*and Brian Armstrong*

cc: Counsel of Record (via ECF)