Selendy|Gay                                              SGT SILVER GOLUB & TEITELL LLP

March 6, 2025

**Via ECF and E-mail**

By March 12, 2025, the parties shall each file response letters concerning whether this action should be stayed pursuant to the first-filed rule.

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

SO ORDERED
March 7, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge

Re:   *Aceves v. Coinbase Global, Inc.*, No. 1:25-cv-01486 (JPC)
      *Underwood v. Coinbase Global, Inc.*, No. 1:21-cv-8353 (PAE) (S.D.N.Y.)

Dear Judge Cronan:

We write on behalf of the plaintiffs and proposed class in *Underwood v. Coinbase Global, Inc.*, No. 1:21-cv-8353 (PAE) (S.D.N.Y.) (the "*Underwood* Plaintiffs") in response to the March 3, 2025 letter from the defendants in both above-referenced actions ("Defendants") and the March 5 letter from the plaintiffs in the above-referenced *Aceves* action (the "*Aceves* Plaintiffs") concerning the appropriate treatment of *Aceves* despite Judge Engelmayer's determination to decline relatedness. *See* ECF No. 43.

Respectfully, *Aceves* should be stayed pursuant to the first-filed rule, which "provides that '[w]here there are two competing lawsuits, the first suit should have priority.'" *Santana v. Cavalry Portfolio Servs., LLC*, 2019 WL 6173672, at *2 (S.D.N.Y. Nov. 19, 2019) (quoting *N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)).[1] "[I]n this Circuit, the first-filed rule applies where the competing litigations involve merely *similar* issues and parties." *Santana*, 2019 WL 6173672, at *4 (emphasis added). The rule applies equally to putative class actions brought by different named plaintiffs where the issues and proposed classes overlap and the defendants are the same. *Id.* at *4; *accord Thomas v. Apple-Metro, Inc.*, 2015 WL 505384, at *3 (S.D.N.Y. Feb. 5, 2015). "In this Circuit, only two 'special circumstances' will defeat the strong presumption in favor of application of the first-filed rule"—where the first-filing plaintiff has engaged in "manipulative or deceptive behavior," or the "balance of convenience" favors the second-filed action.[2] *Santana*, 2019 WL 6173672, at *3 (quoting *N.Y. Marine*,

---

[1] The long-standing rule has been consistently reaffirmed by the Second Circuit. *See, e.g., D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989); *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986).

[2] The factors relevant to determining the balance of convenience are the (1) plaintiff's choice of forum, (2) convenience of witnesses, (3) location of relevant documents and relative ease of access to sources of proof, (4) convenience of the parties, (5) locus of

Hon. John P. Cronan
March 6, 2025

599 F.3d at 112). "While the decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion, normally sound judicial discretion dictates that the second court decline its consideration of the action before it until the prior action before the first court is terminated, and a district court can go beyond the allowable bounds of discretion when it refuses to stay or dismiss a duplicative suit." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 723 (2d Cir. 2010) (cleaned up).

Here, the *Aceves* action was filed more than 30 months after the *Underwood* action, against the same three Defendants,[3] and is substantially similar to it in at least three ways.

*First*, the class period alleged in *Aceves*—from January 1, 2017 to May 3, 2024 (*Aceves* Consolidated Compl. ¶ 1, ECF No. 27)—is largely subsumed within the class period in *Underwood*, which runs from October 8, 2019, through "the present" (*Underwood* Am. Compl. ¶ 1, ECF No. 43). Defendants and the *Aceves* Plaintiffs incorrectly state that that the *Underwood* class period ends on March 11, 2022 (*i.e.*, the date the Amended Complaint in *Underwood* was filed), but courts routinely interpret such open-ended class definitions as terminating when the plaintiff moves for class certification or the court certifies the class, particularly when the alleged violations continue past the filing of the operative pleading, as is clearly the case here. *See, e.g.*, *Williams v. KuCoin*, 2021 WL 5316013, at *15 (S.D.N.Y. Oct. 21, 2021) (accepting "the date of [plaintiff's] motion for class certification" as setting the end-point for class period that was pled as running to "the present" in action against crypto-exchange), *R. & R. adopted*, 2022 WL 392404 (S.D.N.Y. Feb. 9, 2022); *Rodriguez v. It's Just Lunch Int'l*, 2018 WL 3733944, at *7 (S.D.N.Y. Aug. 6, 2018) (collecting cases).

*Second*, the claims in both actions arise from purchases of many of the same underlying digital assets, which both sets of plaintiffs allege to be securities. As the Northern District of California noted in its transfer order, "close to sixty percent of the class members' purchases overlap, namely forty-six of the seventy-nine digital assets in question." *Aceves*, Order Granting Defendants' Motion to Transfer, ECF No. 37, at 9; *see also* Defs.' Mar. 3, 2025 Letter at 2–3. Accordingly, there is substantial overlap in the class membership and factual underpinnings of both cases. *E.g.*, *Sutherland v. Ernst & Young, LLP*, 2011 WL 13558340, at *5 (S.D.N.Y. Apr. 25, 2011) (applying first-filed rule to competing putative class actions where the second-filed "class could overlap with the putative class in the [first-filed] cases," the named plaintiffs were "similarly situated," and the alleged "violations stemm[ed] from application of defendant's nationwide policy,

---

operative facts, (6) availability of process to compel the attendance of unwilling witnesses, and (7) relative means of the parties. *Santana*, 2019 WL 6173672, at *3.

[3] Although the *Aceves* complaint (ECF No. 27) names a fourth defendant, Coinbase Asset Management LLC, in the caption, that entity appears nowhere else in the pleading and thus is not a proper party to the case. *See Davis v. Cheverko*, 2017 WL 6397749, at *4 (S.D.N.Y. Dec. 13, 2017) (collecting cases dismissing claims against defendants whose names appeared only in the caption and not elsewhere in the pleadings). In any event, even if this entity were properly included as a defendant, the overlap in defendants across both actions is considerable.

Hon. John P. Cronan
March 6, 2025

which [was] of course the same in both cases"), *R. & R. adopted*, No. 10-cv-3332, ECF No. 90 (May 23, 2011).

*Third*, the plaintiffs in both actions assert a large number of the same causes of action under California and Florida law. As the transfer order further noted, "all of the California securities law claims that are brought in the [*Aceves*] action are also brought in the *Underwood* Action, and all but one of the Florida securities law claims that are brought in the instant action are also brought in the *Underwood* Action." *Id.* at 10; *see also* Defs.' Mar. 3, 2025 Letter, at 3. The additional claims brought in *Aceves* (for unfair competition and racketeering) and in *Underwood* (under federal and New Jersey securities laws) do not change the fundamental theory of the case at the heart of both actions—that Defendants unlawfully sell unregistered securities. The fact that fundamentally the same claims have been asserted in the *Aceves* action as were brought in the *Underwood* action two years earlier is not negated simply because the *Aceves* Plaintiffs omitted federal securities claims and included a small number of distinct but substantially similar claims in a potential attempt to avoid consolidation under the Private Securities Litigation Reform Act of 1995 and end-run the first-filed rule. *See, e.g.*, *Wyler–Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244–46 (E.D.N.Y. 2012) (applying first-filed rule to second-filed suit even though opt-in plaintiffs were not the same and the first-filed suit did not include minimum wage claims or claims under New York law); *Tate–Small v. Saks Inc.*, 2012 WL 1957709, at *2–4 (S.D.N.Y. May 31, 2012) (applying first-filed rule to second-filed action even though different state law applied to the two suits and there was little overlap among plaintiffs in the two class actions).

These material similarities warrant application of the first-filed rule, and no special circumstances warrant departing from it. No one has alleged deceptive behavior by the *Underwood* Plaintiffs, nor could they. And the balance of convenience cannot favor the *Aceves* action because both actions are pending in this District. Accordingly, *Aceves* should be stayed pursuant to the first-filed rule pending a final resolution of the *Underwood* action.

Respectfully submitted,

SELENDY GAY PLLC

/s/ Jordan A. Goldstein
Jordan A. Goldstein
1290 Avenue of the Americas, 20th Floor
New York, NY 10104
(212) 390-9008
jgoldstein@selendygay.com

SILVER GOLUB & TEITELL LLP

/s/ Steven L. Bloch
Steven L. Bloch
1 Landmark Square, 15th Floor
Stamford, CT 06901
(203) 325-4491
sbloch@sgtlaw.com

*Counsel for the Underwood Plaintiffs and Proposed Class*

cc:   All counsel of record (via ECF)