

+ Via ECF and Email +

March 12, 2025

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

   Re: *Aceves et al. v. Coinbase Global, Inc., et al.*, No. 1:25-cv-01486-JPC;
     *Underwood v. Coinbase Global, Inc.,* No. 1:21-cv-08353-PAE

Dear Judge Cronan,

  I write on behalf of Plaintiffs Gerardo Aceves, Thomas Fan, Edwin Martinez, Tiffany Smoot, Edouard Cordi, Brett Maggard, Mollijoy Carter, Bradley Barnes, and Antonett Foy (the "*Aceves* Plaintiffs") in response to the letter by Plaintiffs Louis Oberlander, Henry Rodriguez, and Christopher Underwood (the "*Underwood* Plaintiffs") requesting that the *Aceves* Action be stayed pursuant to the first-filed rule (ECF No. 45).

  As conceded by the *Underwood* Plaintiffs' letter, on February 24, 2025, Judge Engelmayer declined relatedness and then reiterated "***the Court's firm judgment that* Underwood *and* Aceves *are not related cases and shall proceed separately***." (ECF Nos. 43 at 2, 45 at 1) (emphasis added). Because the *Aceves* and *Underwood* are not related, this ends any contemplation of the first-filed rule. *Pippins v. KPMG LLP*, No. 11 CIV. 0377 CM, 2011 WL 1143010, at *2 (S.D.N.Y. Mar. 21, 2011) ("The [first-filed] rule does not require that the claims present the exact issue, ***only that the cases be related***.") (emphasis added) (citing *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998) and *Manufacturers Hanover Tr. Co. v. Palmer Corp.*, 798 F. Supp. 161, 166 (S.D.N.Y. 1992)); *Lloyd v. J.P. Morgan Chase & Co.,* No. 11 CIV. 9305 LTS, 2012 WL 3339045, at *1 (S.D.N.Y. Aug. 14, 2012) ("While competing claims need not present exactly the same issues to trigger the first-filed rule, ***the cases must be related***.") (emphasis added); *see also Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 539 (S.D.N.Y. 2013) ("When applying the first-filed rule to assertedly duplicative actions, the court must carefully consider whether the suits are, in fact, duplicative, and must 'not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are also the same.'") (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 136 (2d Cir. 2000)).

  Further, as the *Aceves* and *Underwood* cases are now both in the same federal judicial district, the first-filed rule does not apply. *Marciniak v. Mass. Inst. of Tech.*, No. 23 CIV. 10305 (JPC), 2024 WL 4350872, at *7 (S.D.N.Y. Sept. 29, 2024) (Cronan, J.) ("This 'well-settled' doctrine applies when two competing lawsuits are filed in ***different*** federal judicial districts.") (emphasis in original) (citing *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) and *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008)); *see Horowitz v. 148 S. Emerson*

*Assocs. LLC*, 888 F.3d 13, 22 (2d Cir. 2018) (Following a case's transfer to the Eastern District of New York, "[t]he 'first-filed' rule has no import where, as here, the two cases at issue reside on the docket of the same district judge. The able district judge is perfectly capable of consolidating them as necessary.")).

Plaintiffs respectfully submit that the two actions should **proceed separately** as **not related cases** as ordered by Judge Engelmayer (ECF Nos. 43 at 2; *see also Sotheby's, Inc. v. Minor*, No. 08 CIV.7694-BSJ-HBP, 2009 WL 73134, at *1 (S.D.N.Y. Jan. 6, 2009) ("In applying the first-filed rule, **the court of first-filing** may enjoin parties from proceeding in the later-filed action.") (emphasis added) (citing *Adam v. Jacobs,* 950 F.2d 89, 93 (2d Cir. 1991)).

While there is some similarity between the *Aceves* and *Underwood* actions, any cursory reading of the operative complaints demonstrates that there are significant differences between the two actions such that they should proceed separately. Indeed, the tokens at issue (of which the *Aceves* action includes more than double the number of securities as the *Underwood* Action), the litigated legal regimes (*i.e.*, federal securities law or California and Florida state law, including non-securities claims), the time period covered (October 8, 2019 through some now-unknown date or January 1, 2017 through the present), the named plaintiffs (entirely different), and the putative Classes (distinct with different claims as seen from the above differences) all differ in significant ways between the *Aceves* action and the *Underwood* action.

Further, the state law claims in the *Underwood* action are not the same as the claims brought in the *Aceves* action. Indeed, the operative *Underwood* complaint does not assert claims for violations of the California Unfair Competition Law, CAL. BUS. & PROF. CODE §17200, or assert claims under Florida law for violations of: (i) FLA. STAT. §517.301 (negligence in connection with the purchase and sale of an investment); (ii) the Florida's Civil Remedies for Criminal Practices Act, FLA. STAT. §772 (Florida RICO); and (iii) Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), FLA. STAT. ANN. §501.211(1).

Additionally, the *Underwood* Plaintiffs' claims cannot reach back to 2017, where the *Aceves* Plaintiffs' claims begin. This is important because not only is the class different but the tokens covered are different.[1] Regardless, even if the *Underwood* Plaintiffs are able to expand their class period to some undetermined date after March 11, 2022, the *Aceves* claims would still be distinct by all relevant metrics including causes of action, tokens, and class members. Similarly, the tokens covered by the *Aceves* and *Underwood* Actions are simply different, with some overlap. The *Aceves* Action covers a longer Class Period, as discussed above, and includes tokens that did not exist when the *Underwood* Action was filed.

The *Underwood* Plaintiffs' cases are all inapposite and most concern Fair Labor Standards Act ("FSLA") claims. In *Thomas v. Apple-Metro, Inc.*, unlike here, the class action dismissed under the first-filed rule followed two similar class actions because "the lawsuits at issue seek identical relief, assert nearly identical claims . . . with respect to the same class of plaintiffs as against the same core group of Defendants." No. 14-CV-4120 VEC, 2015 WL 505384, at *4 (S.D.N.Y. Feb. 5, 2015). There were also "no differences in the classes of eligible plaintiffs, the relief being sought

---

[1] Moreover, it is not clear what date the *Underwood* Plaintiffs would seek to end their class period and their letter implies it would reach longer than the relevant statutes of limitations or repose would allow. *See* 28 U.S.C. §1658(b); 15 U.S.C. §77m.

and the law being applied in this action versus the Eastern District Actions." *Id*. at *5. *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, is likewise unpersuasive because the claims at issue were primarily under the FLSA and the earlier complaints were "sufficiently broad enough to encompass minimum wage claims[.]" 899 F. Supp. 2d 235, 239-40, 245-46 (E.D.N.Y. 2012). *Tate-Small v. Saks Inc.*, does not move the needle because in both the relevant cases, "the FLSA claims here render these cases substantially similar." No. 12 CV 1008 HB, 2012 WL 1957709, at *3 (S.D.N.Y. May 31, 2012) (citing *Ortiz v. Panera Bread Co.,* No. 1:10cv1424, 2011 WL 3353432, at *2 (E.D.Va. Aug. 2, 2011) ("'The first-to-file rule is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations.'").

The decision in *Santana v. Cavalry Portfolio Servs., LLC*, is similarly inapplicable as that case concerned an individual's Fair Debt Collection Practices Act ("FDCPA") case being stayed for a class action on the same employment letter. No. 19 Civ. 3773 (PAE), 2019 WL 6173672, at *1-2 (S.D.N.Y. Nov. 19, 2019). The complaints in those cases "[were] virtually identical[,]" brought the same three claims against the same defendant, and were filed by the same counsel. *Id*. at *2-4, *6. Further, in *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, all claims were originally filed in the United States District Court for the Southern District of Texas but certain claims were transferred to the United States District Court for the Southern District of New York with all claims, including non-transferred, adjudicated in New York. 626 F.3d 699, 705-06, 725 (2d Cir. 2010). The claims that were transferred were held to be properly adjudicated in New York but the non-transferred claims were held to be improperly adjudicated. *Id.* Lastly, the *Underwood* Plaintiffs' citation to *Sutherland v. Ernst & Young, LLP*, No. 10 Civ. 3332 (KMW)(MHD), 2011 WL 13558340, at *5 (S.D.N.Y. Apr. 25, 2011) ultimately does not support their position because even though the recommendation "ha[d] little trouble concluding that the cases are related[,]" the recommendation was to deny the motion to transfer, which the Court did, under Section 1404(a). *Id*. at *5; *R. & R. adopted*, No. 10-cv-3332, ECF No. 90 (May 23, 2011).

Moreover, even if the cases were related (they are not), Courts can and do consider the stage of the case on deciding whether to stay a case (*e.g.*, whether discovery has begun, or a class is certified). *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 539 (S.D.N.Y. 2013) ("Although the *Guilin* action also seeks certification of a multi-state class that could potentially encompass New York and Connecticut consumers, no nationwide class has, in fact, been certified in *Guilin*. Therefore, neither the parties nor the issues in this case are identical to those in *Guilin*."). Here, there are no class certification proceedings in the *Underwood* Action and very little, if any, discovery has been taken.

Finally, in reiterating that the cases are not related, Judge Engelmayer "encourage[d] the parties to explore means of efficiently litigating these cases, to the extent that common issues may arise (*e.g.*, as to the overlapping discovery)." ECF No. 43 at 2. The *Aceves* Plaintiffs agree, once again, that though the cases should proceed separately, the parties can propose an efficient way to prosecute these actions, including by coordinating discovery if necessary.

                                            Sincerely,
                                            SCOTT+SCOTT ATTORNEYS AT LAW LLP
                                            s/ *Ethan S. Binder*
                                            Ethan S. Binder, Esq.

Cc: Counsel for all parties (*via* ECF)