# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212.735.2628
DIRECT FAX
917.777.2628
EMAIL ADDRESS
LARA.FLATH@SKADDEN.COM

March 12, 2025

**BY ECF AND EMAIL**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

      **Re:**    *Aceves et al. v. Coinbase Global, Inc., et al.*, No. 1:25-cv-01486-JPC

Dear Judge Cronan:

      On behalf of Defendants Coinbase Global, Inc., Coinbase, Inc., and Brian Armstrong, we write pursuant to the Court's Order dated March 7, 2025 (ECF No. 46), directing the parties to respond to the *Underwood* Plaintiffs' letter requesting that this action be stayed pursuant to the first-filed rule (ECF No. 45, the "Stay Request").[1]

      As set forth in Defendants' March 3, 2025 relatedness letter filed in this action and in *Underwood*, there is substantial overlap between the Defendants, state law claims, digital tokens, and class period at issue in both actions. (*See* ECF No. 40.) Moreover, all of the claims asserted in *Aceves* are based on the same underlying theory as the one asserted in *Underwood* – i.e., that the digital tokens at issue (including 46 overlapping tokens) constitute unregistered "securities" that Defendants sold to users of the Coinbase, Inc. platform. Thus, the fact that *Aceves* may include some additional claims beyond those asserted in *Underwood* does not alter the conclusion that

---

[1] Unless otherwise indicated, all capitalized terms shall have the same meanings ascribed to them in the *Underwood* Plaintiffs' letter.

Hon. John P. Cronan
March 12, 2025
Page 2

both actions are substantially similar and create a significant risk of duplicative proceedings or conflicting judgments.

What is more, per Judge Engelmayer's express direction, *Underwood* is proceeding expeditiously towards early summary judgment on the issue of whether Defendants are statutory sellers "for purposes of Section 12(a)(1) of the Securities Act of 1933 and analogous Blue Sky laws"—which includes, and thus may directly impact, certain of the California and Florida Blue Sky laws at issue in this action. (*See Underwood* ECF No. 105.) As the *Underwood* Plaintiffs' letter noted, courts in these circumstances have stayed a subsequent action while the first-filed action is pending resolution. *See Regions Bank v. Wieder & Mastroianni, P.C.,* 170 F. Supp. 2d 436, 441 (S.D.N.Y. 2001) (staying action in favor of first-filed Georgia action involving different parties); *see also In re Corp. Res. Servs., Inc.,* No. 15-12329 (MG), 2020 WL 2278416, at *11 (Bankr. S.D.N.Y. May 6, 2020) (stay in favor of first-filed action warranted where the "parties, facts, claims, and legal issues" in the first-filed action were substantially similar). Accordingly, a stay of this action is warranted during the pendency of *Underwood* because it would conserve resources, promote judicial economy, and avoid the risk of duplicative or inconsistent judgments.

While Defendants believe there is good cause to stay this action in its entirety, Defendants note that they anticipate moving to dismiss the Consolidated Class Action Complaint in this action (ECF No. 27, "CAC") in its entirety. Given the potential implications of this motion to resolve the entire matter, Defendants respectfully request that, at the very least, any discovery in this action be stayed while Defendants' motion to dismiss remains outstanding.

Finally, the current deadline for Defendants to file a pre-motion letter in connection with any motion to dismiss the CAC is March 18, 2025. (ECF No. 39.) Given the pending Stay Request and the potential that it may impact Defendants' response to the CAC, Defendants respectfully request that this deadline be extended to fourteen (14) days after the Court rules on the Stay Request. This is Defendants' first request for an extension of this deadline. We have conferred with counsel for Plaintiffs in this action and they consent to this request.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s/ *Lara A. Flath*
Lara A. Flath

*Counsel for Defendants*
*Coinbase Global, Inc., Coinbase, Inc.*
*and Brian Armstrong*

cc: Counsel of Record (via ECF)

The request is granted. Defendants' deadline to answer or to file a pre-motion letter with respect to the Consolidated Class Action Complaint is extended to fourteen days after the Court rules on the pending request to stay this action.

SO ORDERED
March 13, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge